**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-23093-RAR**

**SILVIO LEON-YERO**,

      Petitioner,

v.

**WARDEN**, *Krome North SPC*, *et al*.,

      Respondents.

_____/

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** comes before the Court upon Petitioner Silvia Leon-Yero's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), [ECF No. 1], filed on May 1, 2026. Petitioner alleges that he has been unlawfully committed to detention in the Krome North Service Processing Center in Miami, Florida and seeks that the Court order his immediate release, or, in the alternative, that the Court order a bond hearing before an Immigration Judge. *See* Pet. ¶ 2, Prayer for Relief. The Court having reviewed the Petition, the relevant submissions, and applicable law, it is hereby

**ORDERED AND ADJUDGED** that the Petition, [ECF No. 1], is **GRANTED IN PART** for the reasons set forth herein.

### BACKGROUND

Petitioner is a native of Cuba who entered the United States on or about May 8, 2022. Pet. ¶ 37. Petitioner was issued a Notice of Expedited Removal on that same date. *Id*. at ¶ 38. He subsequently filed an application for asylum on August 11, 2022, which remains pending. *Id*. at ¶ 39. Petitioner was also granted parole into the United States. *Id*. at ¶ 40. On April 22, 2026,

Petitioner was detained by immigration authorities in the Florida Keys without being informed of any legal basis for his custody.  *Id*. at ¶¶ 42–43.

On May 1, 2026, Petitioner filed this action requesting that the Court "[i]ssue a writ of habeas corpus directing Respondents to immediately release Petitioner from custody," or in the alternative, "order Respondents to provide Petitioner with a prompt, constitutionally adequate custody determination before a neutral decisionmaker, at which the government bears the burden of justifying continued detention."  *See* Pet., Prayer for Relief.

On May 1, 2026, the Court issued an Order to Show Cause and Omnibus Order ("Order to Show Cause"), [ECF No. 3], directing Respondents "to show cause why the Petition should not be granted and [to] file all documents and transcripts necessary for resolution of the Petition."  *See* Order to Show Cause at 2–3.  On May 11, 2026, Respondents filed a Response to the Court's Order to Show Cause ("Response"), noting that "[i]n light of the recent decision in *Hernandez Alvarez v. Warden*, [] Respondents do not oppose Petitioner's claim that he should be provided a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a)."  [ECF No. 14].

## **LEGAL STANDARD**

Under 28 U.S.C. § 2241, federal district courts "within their respective jurisdictions" have the authority to hear applications for habeas corpus by any person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241. The "essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and thus to be within the "core of habeas corpus," a petitioner must seek "either immediate release from that confinement or the shortening of its duration."  *Prieser v. Rodriguez*, 411 U.S. 475, 484, 489 (1973).  Section 2241 authorizes federal courts to hear challenges to immigration detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (noting that "28 U.S.C.

§ 2241[ ] confers jurisdiction upon the federal courts to hear" challenges to the "lawfulness of immigration-related detention").

## ANALYSIS

Petitioner brings three counts in his Petition.  First, Petitioner alleges a due process violation because Respondents detained him "without providing any identified statutory basis for his custody and without affording him any meaningful procedural protection."  Pet. ¶ 64.  Second, Petitioner alleges a due process violation arising from Respondents' failure to provide him a constitutionally adequate custody determination.  *See* Pet. at 10–11.  Finally, Petitioner alleges that "[d]etention undertaken without statutory authorization is ultra vires and violates the separation of powers, as executive agencies may not deprive individuals of liberty absent congressional authorization."  Pet. ¶ 94.

Petitioner maintains that he is unaware of any statutory basis governing his detention without bond.  However, in their brief Response, Respondents explain that the "legal issues presented concern the statutory authority for ICE's detention of Petitioner under 8 U.S.C. §§ 1225(b)(2)(A) or 1226(a), the Court's jurisdiction to hear such a claim under 8 U.S.C. § 1252, whether Petitioner is entitled to a bond hearing, and if so, whether Petitioner must first exhaust his administrative remedies."  Resp. at 1.  Respondents, however, then explain that "[i]n light of the recent decision in *Hernandez Alvarez v. Warden*, [] Respondents do not oppose Petitioner's claim that he should be provided a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a)."  *Id*.

Indeed, on May 6, 2026, the Eleventh Circuit released its opinion in *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, rejecting the "Government's re-interpretation of § 1225(b)(2)(A)" and affirming the district court's holding that "the discretionary detention provisions found in § 1226 governed [petitioners'] detention instead, rendering each of them eligible for bond."  No. 25-

14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026). The Eleventh Circuit held that "[t]he text and statutory structure of the INA, bolstered by the long history of detention across our immigration laws and the congressional purpose in passing IIRIRA, yield the conclusion that no bond detention generally applies to arriving aliens seeking lawful entry to the country, and not to aliens who are simply present here." *Id*. And it rejected the Government's contention that "Petitioners' mere presence in the interior transforms them into applicants who are 'seeking admission;' since applicants for admission may withdraw their application by simply leaving the country." *Id*. at *8. The Court also relied on the Supreme Court's opinion in *Jennings v. Rodriguez*, which "observed that § 1226 'generally governs the process of arresting and detaining' aliens 'present in the country,' including aliens 'who were inadmissible at the time of entry or who have been convicted of certain criminal offenses since admission." *Id*. at *16 (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 288–299 (2018)). Lastly, the Court "review[ed] [] the relevant history of the INA" and determined that "the record evidence available leads us as well to reject the Government's ahistorical reading." *Id*. at *20.

Here, Respondents acknowledge that Petitioner is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) under the Eleventh Circuit's recent opinion in *Hernandez Alvarez*. *See* Resp. Accordingly, because Respondents concede that Petitioner is entitled to the very relief he seeks, his Petition is **GRANTED IN PART**.[1]

---

[1] To the extent the Petition presents other claims arising under the Due Process Clause, the Court need not reach the merits of those claims. *See, e.g.*, *Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535, 2025 WL 2938369, at *6 (S.D. Fla. Oct. 15, 2025). "Should Respondents fail to comply with this Order by providing Petitioner a bond hearing, Petitioner may renew [these claims]." *Id*. (explaining that petitioner's due process claim is not ripe because it is "contingent on Petitioner not receiving a custody determination hearing under 8 U.S.C. section 1226(a)[.]").

## **CONCLUSION**

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  Petitioner Silvio Leon-Yero's Petition for Writ of Habeas Corpus, [ECF No. 1], is **GRANTED IN PART**.  Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner.

2.  All deadlines are **TERMINATED**, and any pending motions are **DENIED as moot**.

3.  The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 12th day of May, 2026.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**